JOEL F. RUSHIN, and others, plaintiffs in error, vs. CICERO H. YOUNG, et al., defendants in error.

John Rushin died, leaving a will with three executors, Shad. R. Felton, Jno. C. Rodgers, and Wm. Rushin. Felton took possession of the estate, and proceeded to execute the will, but before executing it fully, himself died, leaving a will and two executors. Shortly afterwards, Rodgers also died, and Wm. Rushin moved into Alabama. John Rushin left no debts. Some of the legatees under the will of Jno. Rushin, sued the executors of Felton in equity, for their legacies.

*Held,* That the suit lay.

In Equity, from Macon county. Decision on demurrer, by Judge LAMAR, at September Term, 1858.

This was a bill filed by Joel F. Rushin, (child and heir at law of Joel Rushin, deceased,) John Rushin and William Rushin, (children and heirs at law of John Rushin, junior, deceased,) and Stephen Bivins, and his wife, Celia Bivins, against John C. Rodgers, one of the executors of John Rushin, deceased, and Cicero H. Young and John M. Felton, executors of Shadrick R. Felton, deceased.

The bill states that John Rushin, of the county of Macon, departed this life testate on the 25th February, 1843, leaving in full force his last will and testament, which is made an exhibit and part of the bill. That William Rushin, senior, then of Macon county, but now of the State of Alabama, Shadrick R. Felton, then of Macon county, but now deceased, and John C. Rodgers, now of the county of Macon, were appointed, and duly qualified as executors of said will. That the said Shadrick R. Felton, one of the executors aforesaid, departed this life in 1852, leaving his last will and testament, and appointing Cicero H. Young and John M. Felton, his executors, who duly qualified and took upon themselves the execution of said will. That upon the probate of the will of said John Rushin, in March, 1843, all the executors therein named, having qualified, took possession of the entire estate of their testator, consisting of lands, negroes, horses, mules, cattle, hogs, corn, fodder, cotton, household and kitchen furniture, &c. &c. judgments, executions, notes and cash on hand, and all amounting to a very large amount in value, to-wit: over the sum of one hundred thousand dollars.

The bill charges that there was due to said estate a large amount, and number of debts which were not returned and specified in the inventory of said estate, made and returned by said executors. The bill also states, that the testator at the time of his death owed nothing. The bill states further, that complainants by said will of John Rushin, deceased, were bequeathed certain negroes specifically, and with seven others, were the residuary legatees in and under said will, and that said executors, have failed and re-

fused to account and settle with complainants for their legacies, and have misapplied and wasted said estate, and are using the same for their own benefit; having sold the lands, negroes, &c. belonging to said estate.

The bill further states, that William Rushin one of said executors, after his qualification, removed from the State and is not made a party. That said estate, even while said William Rushin resided in this State, was principally managed by Felton and Rodgers, his co-executors, and that said William received but a small portion of said estate into his hands.

The bill prays for a discovery and account, and that defendants pay to complainants the amount that may be found due and coming to them, &c.

After the filing of the bill, John C. Rodgers, one of the executors and defendants, departed this life, intestate, leaving William Rushin of Alabama, the sole surviving executor.

The bill was amended, alleging that the said Rodgers, and Shadrick R. Felton, when in life, as the executors of John Rushin, deceased, took possession of the *whole* estate of said deceased, their testator, and that said Shadrick was in possession of a great portion thereof, at the time of his death, and that Cicero H. Young and John M. Felton, took possession of said effects and property in the hands of their testator, the said Shadrick, and that complainants are unable to specify and identify said property, and are compelled to resort to the consciences of defendants for a discovery of the same.

To this bill, defendants, Young and John M. Felton, executors of Shadrick R. Felton, deceased, one of the executors of John Rushin, deceased, demurred on the following grounds, to-wit :

1st. Because there was no equity in said bill.

2d. Because, it appears by said bill that William Rushin, senior, John C. Rodgers and Shadrick R. Felton, were appointed, and all qualified as executors of said John Rushin,

deceased, and that said Shadrick R. Felton, departed this life, leaving said William Rushin, senior, and John G. Rodgers surviving him in office as executors, and that said Shadrick R. Felton having died, leaving defendants his executors, who by said bill are charged and treated as representatives of John Rushin, deceased, with William Rushin, senior, and John C. Rodgers, the original and surviving executors of said John Rushin, deceased.

The Court sustained the demurrer and dismissed the bill as to defendants demurring.

To which decision complainants excepted.

BLANDFORD & CRAWFORD ; B. HILL ; FISH & ROBINSON, for plaintiffs in error.

SAM'L HALL, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in sustaining the demurrer to the bill?

The demurrer was filed by Young and Felton, the executors of Shadrick R. Felton, deceased.

The complainants are legatees under the will of John Rushin, deceased, and they sue for their legacies given in that will. That will appointed Shad. R. Felton, Jno. C. Rodgers and Wm. Rushin, its executors. Rodgers is now dead ; Wm. Rushin is a citizen of Alabama ; Felton is dead too  Felton was the principal executor, and into his hands, went the whole, or almost the whole of the testator, Jno. Rushin's estate. Jno. Rushin left no debts. Consequently, we may assume, that the legacies to the complainants, have completely vested in them.

The question, then, is, are Shad. R. Felton's executors accountable for these legacies directly to the legatees, or only t

some person representing John Rushin's estate, as his executor, or as his administrator *de bonis non?* And, for ought that we can see, they may be required to account directly to those legatees. A payment to the legatees will be a protection to them, against any suit for the same legacies, brought by any representative, of John R. Rushin's estate; because all the use such a representative could have for the legacies, if recovered by him, would be to apply them to debts, or, to turn them over to the legatees, their owners. But there would be no debts, and the legacies would already have been turned over to their owners, by the executors. Such representative, therefore, would not be allowed to call the executors to account for the legacies. So far then, as the executors themselves, are concerned, there seems to be no reason, why they should not be required to account directly to the legatees.

So far as the legatees are concerned—it is greatly to their interest, that the executors should be required so to account. Even if there were an accessible representative of John Rushin's estate, to make these executors pay the legacies over to him, that he might pay them over to the legatees, would be a round-about way of accomplishing the object— a way involving, double the time, double the labor, double the cost, and double the risk, of the direct way. But there is no accessible representative of that estate. Wm. Rushin, one of the three executors, resides in Alabama; Shad. R. Felton and Jno. C. Rodgers, the other two, are both dead. And it may, indeed be a question, how an accessible representative is to be obtained in such case.

Moreover, where there are two parties who are liable to a debt or duty the one immediately, and the other mediately— and the former resides out of the jurisdiction, the latter may be sued in the first instance, in equity. The non-residence of the former, constitutes a special equity to authorize such a suit against the latter.

Upon the whole, we think, that there was equity in this bill, as against the executors of Shad. R. Felton; and conse-

quently, that the Court below erred in sustaining the demurrer.

Judgment reversed.